B. James Fitzpatrick (SBN: 129056)
Charles Swanston (SBN: 181882)
**FITZPATRICK & SWANSTON**
555 S. Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile:  (831) 755-1319

Larry W. Lee (SBN: 228175)
Kristen M. Agnew (SBN: 247656)
Nick Rosenthal (SBN: 268297)
Max Gavron (SBN: 291697)
**DIVERSITY LAW GROUP, P.C.**
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile:  (213) 488-6554

Attorneys for Plaintiff,
CHRIS PONCE on behalf of himself and
all similarly situated employees

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS PONCE on behalf of himself and all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>ACOSTA, INC.; MOSAIC SALES SOLUTIONS US OPERATING CO., LLC; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 5:18-cv-03673-NC<br><br>[Monterey County Superior Court Case No. 18CV001237]<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff CHRIS PONCE, who on behalf of himself and all similarly situated employees of Defendants ACOSTA, INC. and MOSAIC SALES SOLUTIONS US OPERATING CO., LLC, and members of the public, complains and alleges as follows:

1.    As used herein, the term "Plaintiff" includes CHRIS PONCE, who is the named Plaintiff and Class Representative herein.

2.    Plaintiff and the Class Members alleged herein (collectively, "Class Members") seek remedies for all compensation and penalties due to the Class Members during the "Class Period," which is defined as the period of time beginning four (4) years before the

-1-

1  commencement of this action through the date on which final judgment is entered, based upon

2  information and belief that Defendants are continuing and will continue the unlawful

3  employment practices described herein.

4      3.    Each of the Class Members are identifiable, similarly-situated persons and are

5  now, or at some point during the Class Period were, employed by Defendants.  Plaintiff reserves

6  his right to seek additional amendments of this Complaint to add as named Plaintiff some or all

7  of the persons who are members of the Plaintiff Class.

8      4.    Plaintiff CHRIS PONCE ("Plaintiff") is a competent adult who is, and at all times

9  mentioned in this complaint has been, a resident of Monterey County, California.  Plaintiff was

10 employed by Defendants from approximately March 20, 2016, through approximately April 4,

11 2016, pursuant to an unwritten contract, some of the terms of which were the product of an oral

12 agreement, with other terms implied from or incorporated from written materials and policies

13 maintained by Defendants and from the conduct of the parties. The terms of this contract

14 included, but were not limited to, that Plaintiff would perform services as a non-exempt

15 employee, and at all times as an employee not exempted from the California Labor Code and/or

16 the applicable IWC Wage Order. Plaintiff is and at all relevant times was an individual as

17 defined in Business and Professions Code §§ 17201 and 17204.

18     5.    Defendant ACOSTA, INC., is, and at all times mentioned in this Complaint has

19 been, a limited liability corporation incorporated under the laws of the State of Delaware,

20 conducting business throughout the State of California, and in the County of Monterey. Said

21 Defendant has expressly consented to jurisdiction in California, and Plaintiff and the Class

22 Members are informed and believe, and thereon allege, that said Defendant employs individuals

23 who perform duties throughout the State of California and the County of Monterey.

24     6.    Defendant MOSAIC SALES SOLUTIONS US OPERATING CO., LLC, is, and at

25 all times mentioned in this Complaint has been, a limited liability corporation incorporated under

26 the laws of the State of Delaware, conducting business throughout the State of California, and in the

27 County of Monterey. Said Defendant has expressly consented to jurisdiction in California, and

28 Plaintiff and the Class Members are informed and believe, and thereon allege, that said

-2-

1    Defendant employs individuals who perform duties throughout the State of California and the

2    County of Monterey.

3        7.    Plaintiff and the Class Members are ignorant of the true names, identities,

4    capacities and relationships of the Defendants sued herein as DOES 1 through 100, inclusive,

5    and therefore sues these Defendants by such fictitious names.  Plaintiff and the Class Members

6    are informed and believe, and thereon allege, that each of these fictitiously named Defendants

7    are responsible in some manner for the occurrences herein alleged, and that Plaintiff's and the

8    Class Members' damages as herein alleged were proximately caused by DOES 1 through 100.

9    Plaintiff will amend this Complaint to allege the true names and capacities of said DOE

10   Defendants when such information is ascertained.  Each reference to "Defendants," and each

11   reference to any particular Defendant herein, shall be construed to refer to all of those fictitiously

12   named herein as a "DOE" Defendant, and each of them.

13       8.    Plaintiff and the Class Members are informed and believe, and thereon allege, that

14   each of the Defendants herein was at all times relevant to this action the agent, employee,

15   representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and

16   that each of the Defendants herein was at all times acting within the course and scope of that

17   relationship.  Plaintiff and the Class Members are further informed and believe, and thereon

18   allege, that each of the Defendants herein consented to, ratified, and/or authorized the acts of

19   each of the remaining Defendants herein.  The conduct of each of the Defendants was at all times

20   herein in accordance with and represents the official policy of Defendants.  Additionally, at all

21   times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions

22   of each and all of the other Defendants, which proximately caused the damages herein alleged.

23   Plaintiff and the Class Members are further informed and believe, and thereon allege, that all of

24   the Defendants jointly employed Plaintiff and the Class Members herein and/or carried out a

25   joint scheme, business plan and/or uniform policy, and the acts and omissions of each Defendant

26   are legally attributable to the other Defendants such that they are deemed a single integrated

27   enterprise and agents of one another so that all Defendants are each jointly and severally liable

28   for the acts and omissions hereinafter alleged.

9.      Plaintiff and the Class Members are informed and believe, and thereon allege, that Defendants each share the same directors, officers and professional advisors, Defendants are each owned by the same entity, Defendants share human resources personnel, Defendants are each managed by the same people, Defendants' highest ranking officers are officed in the same physical location, a single control group makes decisions affecting all of Defendants' personnel, employment, wage, management, supervisory, expense reimbursement, and policy-making decisions, as well as many other conditions affecting the conditions of labor for Plaintiffs and the Class Members.

10.     Defendants ACOSTA, INC., MOSAIC SALES SOLUTIONS US OPERATING CO., LLC, and DOES 1 through 100 (collectively referred to herein as "Defendants") are, and at all times herein were, "persons" as defined in California Business and Professions Code § 17201.

11.     At all times during the Class Period, Defendants directly or indirectly, or through an agent or representative, exercised control over the wages, hours and/or working conditions of the Plaintiff and the Class Members, and directly or indirectly or through an agent or other person engaged, suffered, or permitted Plaintiff and the Class Members to work.

### JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution.  Plaintiff and the Class Members bring this Complaint for violations of California law occurring in the County of Monterey, including without limitation violations of the California Labor Code, Business and Professions Code, Civil Code and common law, and the amount in controversy exceeds the minimum jurisdictional amount of the Superior Court.  Based on information and belief, Defendants are citizens of this State and have sufficient minimum contracts in the State, or have otherwise intentionally availed themselves of the benefits and privileges available within this State, economic or otherwise, so as to render the exercise of jurisdiction over them by the courts of the State of California consistent with traditional notations of fair play and substantial justice.  Accordingly, this Court has jurisdiction over the parties and claims in this matter.

13.     Pursuant to Code of Civil Procedure § 395(a), venue is proper in this judicial

district because Defendants now, and throughout the Class Period did, reside and/or transact business in the County of Monterey, employed Plaintiff, employed the Class Members and continue to employ Class Members and other similarly situated persons in the County of Monterey.  The conduct alleged herein and the damages resulting therefrom occurred in the County Monterey, and at all times herein Defendants maintained their principal place of business in the County of Monterey, California.

## GENERAL ALLEGATIONS

14.    Defendants do, and at all times during the Class Period did, own, operate and control a business or establishment that employs persons within the meaning of IWC Wage Order No. 5-2001 and California Code of Regulations, title 8, section 11050.

15.    Defendants do, and throughout the Class Period did, recruit, solicit, hire, employ and furnish employment, and qualify as an employer pursuant to IWC Wage No. Order 5-2001 and title 8 of the California Code of Regulations, section 11050 (hereinafter collectively referred to as "the Wage Order"), which applies to occupations in the industry of housekeeping and controls the wages and several of the working conditions of persons employed by Defendants.

16.    At all times herein alleged, Plaintiff and the Class Members were employees of Defendants under the California Labor Code and were protected by to the provisions of the Wage Order.

17.    During the Class Period, Defendants hired Plaintiff and the Class Members to provide short-term labor and supplied Plaintiff and the Class Members to Defendants' clients to perform services related to the clients' promotion, marketing and sales of their products, among other tasks.

18.    Throughout the Class Period, Defendants maintained and enforced a number of policies by which they systemized the processes they used to recruit, hire, monitor, and correspond with Plaintiff and the Class Members.  These policies included, but are not limited to, documents delivered by Defendants through Taleo, a web-based application that electronically delivered onboarding and personnel documents to Plaintiff and the Class Members.

19.    During the Class Period, in accordance with policies applied uniformly to Plaintiff

First Amended Class Action Complaint for Damages
and for Injunctive Relief; Demand for Jury Trial

1    and the Class Members, including, but not limited to those set forth in Defendants' policy

2    documents, Defendants hired and entered into an employment relationship with Plaintiff and the

3    Class Members and thereafter required them to attend and participate in mandatory unpaid

4    activities.

5       20. During the Class Period, Plaintiff and the Class Members were required to

6    participate in an unpaid onboarding process which includes, but is not limited to, orientation and

7    OSHA mandatory safety training.

8       21. During the Class Period, Plaintiff and the Class Members' employment was

9    involuntarily terminated when their short-term assignment would end and Plaintiff and the Class

10   Members would not receive payment of wages until many weeks after the assignment ended.

11      22. During the Class Period, Defendants maintained and enforced policies that

12   resulted in Plaintiff and the Class Members being required to regularly and consistently being

13   required to work more than eight (8) hours in a single workday and more than forty (40) hours in

14   a single workweek without paying them wages, including premium overtime wages, for such

15   overtime hours worked.  These policies were applied uniformly to plaintiff and the Class

16   members throughout the Class Period.  Pursuant to these policies, Defendants required Plaintiff

17   and the Class Members to work off the clock and without pay.  Some of this unpaid work

18   occurred before Plaintiff and the Class members were deployed to work for Defendants' clients

19   and included but was not limited to tasks related to onboarding as described in greater detail

20   below.  Other unpaid tasks performed by Plaintiff and the Class members were performed after

21   their assignments to Defendants' clients commenced, and such tasks  included, but were not

22   limited to, communicating with Defendants by text and/or email regarding work-related matters

23   outside of the scheduled work hours and while off the clock.  Plaintiff and the Class Members

24   were required to read, review and respond to work-related messages and other communications.

25   As a result of this policy, Plaintiff and the Class Members worked without pay, violating the

26   minimum wage laws, and when the performance of such tasks resulted in them working more

27   than eight hours in a day and 40 hours in a week, they were also denied overtime premium wages

28   of one and one-half times the employee's regular rate of pay for all hours worked over eight (8)

1   hours in a single workday and/or more than forty (40) hours in a single workweek, as required by

2   California Labor Code §§ 510 and 1194 and the Wage Order.

3         23.    During the Class Period, Defendants maintained and enforced a uniform policy by

4   which they regularly and consistently failed to pay Plaintiff and the Class Members at least

5   minimum wages for all hours worked.  Pursuant to this policy, Defendants required Plaintiff and

6   the Class Members to work off the clock and without compensation. As referenced above, and

7   described in more detail below, this unpaid work occurred in connection with onboarding and

8   orientation activities prior to the initial assignment and also after Plaintiff and the Class Members

9   received their initial assignment, when, among other things, Defendants would communicate

10   with Plaintiff and the Class Members regarding work-related matters by text and/or email outside

11   of their scheduled work hours while they were off the clock.  Consequently, Plaintiff and the

12   Class Members were forced to work without being paid at least minimum wage during the Class

13   Period, as required by California Labor Code §§ 1197 and 1199 and the Wage Order.

14         24.    During the Class Period, Defendants maintained and enforced a uniform policy by

15   which they regularly and consistently failed to provide Plaintiff and the Class Members with

16   complete and accurate itemized wage statements. The itemized wage statements provided to

17   Plaintiff and the Class Members listed "Mosaic Sales Solutions Us Operating Co., LLC" as the

18   employer and failed to list Acosta as the employer, while the Form W-2 provided to Plaintiff and

19   the Class Members listed "Mosaic Sales Solutions US Oper" as the employer.  Furthermore, the

20   wage statements issued to Plaintiff and the Class Members failed to include all of the hours they

21   worked and failed to accurately state the gross wages they earned during each pay period.

22   Moreover, the itemized wage statements provided to Plaintiff and the Class Members did not

23   accurately reflect the inclusive dates of the period for which the Plaintiff and Class Members

24   were paid (the wage statement issued to Plaintiff indicates that the pay period began and ended

25   on 4/28/17, and Plaintiff is informed and believes and thereon alleges that the wage statements

26   issued to all Class Members during the Class Period similarly described the pay period using

27   dates that conflicted with the actual pay period) and did not include all applicable hourly rates in

28   effect during the pay period (the wage statement issued to Plaintiff does not identify the hourly

-7-

*Ponce v. Acosta, Inc.*                   First Amended Class Action Complaint for Damages
Case No. 5:18-cv-03673-NC        and for Injunctive Relief; Demand for Jury Trial

rate of pay, and Plaintiff is informed and believes and thereon alleges that the wage statements issued to all Class Members during the Class Period similarly failed to described their hourly rate of pay) and the corresponding number of hours worked at each hourly rate by Plaintiff and the Class Members. Defendants failed to keep a copy of the statements and records of deductions for three years at the place of employment or at a central location in the State of California. In addition, throughout the Class Period, Defendants failed to keep accurate information with respect to each employee, including full name, home address, occupation, birth date, time records showing when the employee begins and ends each work period, total daily hours worked and total wages paid each payroll period, or other compensation actually furnished to the employee.

25.    During the Class Period, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 201, 202 and 203 by failing to pay Plaintiff and the Class Members all wages due to them within 72 hours after they voluntarily resigned their employment, or, when their employment was involuntarily terminated, immediately on their last day of employment. According to California labor laws, If an employer willfully fails to pay an employee all unpaid wages within the requisite time period, the employer must pay the employee a penalty in the amount of up to 30 days wages, called "a waiting time penalty."

26.    During the Class Period, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 201, 202, 203, 204, 218, 221, 223, 1194, 1198 and the Wage Order by unlawfully refusing to pay agreed wages to Plaintiff and the Class Members for all hours they worked by a multitude of unlawful practices including, but not limited to: (a) requiring Plaintiff and the Class Members to participate in mandatory pre-assignment activities, including, but not limited to, orientations without compensation; (b) requiring Plaintiff and the Class Members to perform work during periods that Plaintiff and the Class Members were not on the clock and prohibiting Plaintiff and the Class Members from registering such time in Defendants' time-keeping system; and (c) retaining control over Plaintiff and the Class Members and requiring them to be present and perform work

-8-

Ponce v. Acosta, Inc.                                    First Amended Class Action Complaint for Damages
Case No. 5:18-cv-03673-NC                                 and for Injunctive Relief; Demand for Jury Trial

1    without pay on a regular and routine basis.

2       27.    During the Class Period, Defendants maintained and enforced a uniform policy by

3    which they regularly and consistently violated California Labor Code §§ 201, 202, 203, 204,

4    218, 1194, 1198, 1199, 2800, 2802 and the Wage Order by failing to pay Plaintiff and the Class

5    Members for all hours worked, minimum wages, overtime premium wages for all overtime hours

6    worked,  and reimbursement for work-related expenses.

7       28.    During the Class Period, Defendants maintained and enforced a uniform policy by

8    which they regularly and consistently required Plaintiff and the Class Members to use their

9    personal cell phone, e-mail account, and vehicles for the benefit of Defendants.  In order to

10   comply with Defendants' requirements, Plaintiff and the Class members were required to use

11   personal cell phones, computers and other devices equipment for such purposes, and were further

12   required to deplete supplies of ink, paper and other resources which they had purchased with

13   their own funds.  Moreover, Defendants' policies required plaintiff and the Class Members to use

14   service contracts for cell phones, internet access and other devices for which they paid with their

15   own funds. Further, Plaintiff and the Class members were required to use their personal vehicles

16   to travel for work-related purposes while on-the-clock but did not receive reimbursement.

17   Defendants failed to reimburse Plaintiff and the Class Members for such work-related expense.

18      29.    Plaintiff and the Class Members are informed and believe, and thereon allege, that

19   at all times herein mentioned, Defendants were advised by skilled lawyers and other

20   professionals, employees and advisors knowledgeable about California labor and wage law,

21   employment and personnel practices, and about the requirements of California law.  Plaintiff and

22   the Class Members are informed and believe, and thereon allege, that throughout the Class

23   Period, Defendants knew or should have known each of the following:

24      a.    That Plaintiff and the Class Members were entitled to receive premium

25   overtime wages for the overtime hours they worked and that Plaintiff and the Class Members

26   were in fact not receiving premium overtime wages for such overtime hours worked;

27      b.    That Plaintiff and the Class Members were entitled to receive their agreed

28   wage, and no less than minimum wage, as compensation for any and all hours worked by them

*Ponce v. Acosta, Inc.*
Case No. 5:18-cv-03673-NC                    First Amended Class Action Complaint for Damages
                                             and for Injunctive Relief; Demand for Jury Trial

1    and that, in violation of the California Labor Code, they were not in fact receiving either their

2    agreed wages or at least minimum wage for any and all hours they worked;

3            c.    That Plaintiff and the Class Members were entitled to receive complete

4    and accurate wage statements in accordance with California law, and that, in violation of the

5    California Labor Code, Plaintiff and the Class Members were not provided complete and

6    accurate wage statements;

7            d.    That Defendants failed and refused to pay Plaintiff and the Class Members

8    agreed wages;

9            e.    That Plaintiff and the Class Members were entitled to timely payment of

10   wages during their employment and at the end of their employment, and that Plaintiff and the

11   Class Members did not receive payment of all wages including, but not limited to, premium

12   overtime wages, minimum wages and agreed hourly wages within permissible time periods; and

13           f.    That Defendants were obligated to keep accurate information with respect

14   to each employee, including full name, home address, occupation, birth date and time records

15   showing when the employee begins and ends each work period, total daily hours worked and

16   total wages paid each payroll period, including value of board, lodging, or other compensation

17   actually furnished to the employee.

18       30.    California Labor Code § 218 states that nothing in Article I of the Labor Code

19   shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him

20   under this Article."

21                 **FACTS SPECIFIC TO PLAINTIFF**

22       31.    Prior to the commencement of the employment relationship with Defendants,

23   Plaintiff was contacted by a hiring recruiter.  At this point, Plaintiff was a candidate for a

24   position with Defendants, but had not yet been hired. Thereafter, via email, Plaintiff received an

25   notification offering him the position of "Field Specialist" assigned to perform services for

26   Defendants' client, Stella Artois.  Plaintiff was instructed to respond to the offer by email,

27   accepting or refusing the offer and electronically signing his response with his last name.

28       32.    After accepting the offer, plaintiff's employment with Defendants commenced.

First Amended Class Action Complaint for Damages
and for Injunctive Relief; Demand for Jury Trial

1   Plaintiff was welcomed as an employee of Defendants and was provided instructions to complete

2   mandatory onboarding activities.

3       33.     Plaintiff was instructed to perform the above-referenced onboarding activities

4   after he was hired, and pursuant to Defendants' policies and practices, including but not limited

5   to those set forth in Defendants' policy documents, which policies and practices were enforced

6   uniformly to Plaintiff and the Class Members throughout the Class Period, Plaintiff was Plaintiff

7   was not compensated for any time spent performing such activities, nor did Defendants record or

8   preserve information concerning the amount of time Plaintiff spent engaged in such activities

9   and/or the beginning and end of work periods in which Plaintiff was engaged in such activities.

10  Consequently, Plaintiff was engaged, required, suffered and permitted to work without pay as a

11  result of Defendants' policies prior to commencing his assignment to Defendants' client.

12      34.     The above-referenced mandatory unpaid onboarding tasks undertaken by Plaintiff

13  as required by Defendants' policies included, but were not limited to: reviewing information

14  concerning Defendants' policies, watching an orientation video regarding safety policies and

15  procedures he was required to observe while in Defendants' employ, completing employment-

16  related documents, and signing papers.   Defendants' policies requiring Plaintiff to perform such

17  tasks, and to do so without pay, were applied uniformly to Plaintiff and the Class Members

18  throughout the Class Period, as were Defendants' policies to avoid collecting and/or preserving

19  information concerning the amount of time Plaintiff and the Class members were engaged in

20  such tasks and/or the beginning and end of each work period in which Plaintiff and the Class

21  Members were engaged in such tasks. Moreover, pursuant to the same policies, Plaintiff was

22  denied the payment of wages for time he spent engaged in such tasks.

23      35.     After completing the aforementioned activities, Plaintiff worked for Defendants

24  and their client at multiple locations commencing March 20, 2016, and ending on April 3, 2016.

25  Plaintiff's assignment ended April 3, 2016.  Plaintiff was not given his final paycheck on his last

26  day of work.  In fact, Plaintiff did not receive a final paycheck from Defendants until many

27  weeks after the end of his employment.

28      36.     During the course of Plaintiff's assignment, Defendants communicated with

-11-

Plaintiff via email and cell phone text messages.   Plaintiff was required to read, review, and respond to these mandatory work-related messages. These work-related activities occurred outside of Plaintiff's scheduled work hours and Plaintiff was not compensated for participating in this mandatory work-related activity.  Plaintiff was not reimbursed for using his personal computer, internet service, private email account, service contracts, personal supplies and personal cell phone for work-related matters.

37.     During the course of Plaintiff's assignment, he was assigned to perform work at multiple geographical locations.  Plaintiff was required to use his own personal vehicle to travel between the locations on the same workday without receiving reimbursement for the use of his vehicle and/or for fuel, wear-and-tear, insurance and/or services contracts related to the use of his vehicle.

## **CLASS ACTION ALLEGATIONS**

38.     Plaintiff reserves the right under Code of Civil Procedure § 382 to amend or modify the class description with greater specificity, further division into subclasses or with limitations to particular issues.

39.     This action has been brought and may be properly maintained as a class action under the provisions of Code of Civil Procedure § 382 because the questions of law and fact at issue herein are common and of general interest to Plaintiff and the Class Members, the parties are numerous, and it would be impracticable to bring the claims alleged herein before the court as individual claims or through some other than a class action, or, with regard to claims asserted under the Private Attorney General Act, a representative action.

**A.     Numerosity**

40.     The Class Members are so numerous that joinder of all the members of the class is not feasible and not practical. While the precise number the Class  Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the Class Period regularly employed, more than 25,000 employees in California in non-exempt positions.  The identities of the Class Members are readily ascertainable by inspection of Defendants' employment records.  Moreover, joinder of all members of the proposed class is not

-12-

*Ponce v. Acosta, Inc.*                                          First Amended Class Action Complaint for Damages
Case No. 5:18-cv-03673-NC                                  and for Injunctive Relief; Demand for Jury Trial

1   practicable, and individual damages for each member is not anticipated to be sufficiently high to

2   allow for practical resolution through individualized litigation.

3   **B.     Commonality and Predominance**

4          41.     There are questions of law and fact common to each Class Member that

5   predominate over any questions affecting only individual Class Members.  These common

6   questions of law and fact include, without limitation:

7                  a.      Whether Defendants violated Labor Code §§ 510 and 1194 and the Wage

8   Order by failing to pay Plaintiff and the Class Members the appropriate premium overtime wages

9   for all overtime hours worked;

10                 b.      Whether Defendants violated Labor Code §§ 1197 and 1197.1 by failing

11  to pay Plaintiff and the Class Members at least minimum wage as compensation for any and all

12  work performed by them;

13                 c.      Whether  Defendants violated California Labor Code § 226 by failing to

14  provide accurate itemized wage statements to Plaintiff and the Class Members containing all of

15  the information required by Labor Code § 226;

16                 d.      Whether Defendants violated California Labor Code §§ 201, 202, 204,

17  218, 221, 1194 and 1198 by failing and refusing to pay Plaintiff and the Class Members agreed

18  wages for all work performed by them;

19                 e.      Whether Defendants violated Labor Code §§ 201, 202, 203 and 204 by

20  failing to timely pay Plaintiff and the Class Members all wages for work performed by them

21  during their employment and failing to timely pay Plaintiff and the Class Members at the end of

22  their employment all wages for work performed by them during their employment;

23                 f.      Whether Defendants violated Labor Code §§ 2800 and 2802 for failure to

24  reimburse Plaintiff and the Class Members for all necessary expenditures;

25                 g.      Whether Defendants violated Labor Code § 2810.5 and the Wage Order

26  by failing to provide Plaintiff and the Class Members at the time of hiring with written notice, in

27  the language the employer normally uses to communicate, of wage and other employment-

28  related information;

-13-

h.    Whether Defendants' failure to pay wages and premiums in accordance with the California Labor Code and the Wage Order was willful;

i.    Whether Defendants' conduct as alleged throughout this complaint was willful or reckless;

j.    Whether Defendants violated Labor Code § 1198 and the Wage Order by failing to keep accurate records with respect to each employee;

k.    The appropriate amount of damages, restitution and/or monetary penalties resulting from Defendants' violations of California law;

l.    Whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to, injunctive and declaratory relief, pursuant to Business and Professions Code §§ 17200 et seq.; and

m.    Whether Defendants violated Business and Professions Code §§ 17200 et seq., by failing to pay regular and overtime wages for all hours worked; by failing to pay minimum wage;  by failing to provide complete and accurate wage statements to Plaintiff and the Class Members in accordance with Labor Code § 226; by failing to pay agreed wages; by failing to timely provide all wages due to Plaintiff and the Class Members throughout and at the end of their employment; by failing to reimburse work-related expenses; and by failing to communicate work-related information to Plaintiff and the Class Members.

**C.    Typicality**

42.    The claims of Plaintiff is typical of the claims of the Class Members.  Plaintiff and the Class Members sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of statutes, common law, wage orders and/or regulations that have the force and effect of law, as alleged herein.  Plaintiff shares a well-defined community of interest with the Class Members and is qualified to, and will, fairly and adequately protect the interests of each Class Member.

**D.    Adequacy of Representation**

43.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff acknowledges Plaintiff's obligation to make known to the Court any

-14-

relationship, conflict or difference with any Class Member.  Plaintiff has incurred and throughout this action will continue to incur, costs and attorneys' fees necessarily expended for the prosecution of this action for the substantial benefit of each Class Members. Counsel who represents Plaintiff is competent and experienced in litigating class actions, versed in the rules governing class action discovery, certification, settlement and trial, and will vigorously and competently pursue the claims of Plaintiff and the Class Members.

**E.    Superiority**

44.    The nature of this action makes the use of class action adjudication superior to other methods.  The class action will achieve economies of time, effort and expense as compared with separate individual lawsuits on behalf of each Class Member, and will avoid inconsistent outcomes because the same issues will be adjudicated in the same manner and at the same time for the entire class.

**F.    Public Policy Consideration**

45.    Employers in the State of California violate employment and labor laws on a daily basis.  Employees are often intimidated and afraid to assert their rights out of fear that they will be subjected to direct or indirect retaliation by their employers.  Former employees (those who are no longer employed by a particular employer who had subjected them to employment and labor law violations) are fearful of bringing actions against their former employers because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide Class Members who are not named in the complaint with vindication of their rights while also protecting their privacy and shielding them from retaliation.

**<u>FIRST CAUSE OF ACTION</u>**
**Failure to Pay Hourly and Overtime Wages**
**(California Labor Code §§ 510 and 1194; and the Wage Order)**
**(Plaintiff and the Class Members Against Defendants)**

46.    Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

47.    Plaintiff and the Class Members base this cause of action upon Defendants' willful and intentional violations of the California Labor Code and Industrial Welfare

-15-

1    Commission requirements that Defendants pay Plaintiff and the Class Members for all hours

2    worked, including the requirement to pay premium overtime wages to Plaintiff and the Class

3    Members for work they performed in excess of eight (8) hours in a workday and/or forty (40)

4    hours in a workweek, and/or on the seventh consecutive day in a workweek.

5        48.    Labor Code § 510 provides that "any work in excess of eight (8) hours in one

6    workday and any work in excess of forty (40) hours in any one workweek and the first eight

7    hours worked on the seventh day of work in any one workweek shall be compensated at the rate

8    of no less than one and one-half times the regular rate of pay for an employee."

9        49.    Labor Code § 1198 provides that "The maximum hours of work and the standard

10   conditions of labor fixed by the commission shall be the maximum hours of work and the

11   standard conditions of labor for employees. The employment of any employee for longer hours

12   than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

13       50.    Labor Code § 1194 provides that "any employee receiving less than the legal

14   minimum wage or the legal overtime compensation applicable to the employee is entitled to

15   recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

16   compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

17       51.    During the Class Period, Defendants required Plaintiff and the Class Members on

18   a regular and repeated basis to work shifts exceeding eight (8) hours in a workday, to work more

19   than forty (40) hours in a workweek and to work hours on the seventh day of work in a

20   workweek, which hours were often not recorded, without paying overtime premium wages at a

21   rate of no less than one and one-half times their regular rate of pay.

22       52.    During the Class Period, Defendants knew or had reason to know that Plaintiff

23   and the Class Members were regularly and consistently required to work more than eight hours

24   in a day, work more than 40 hours in a week, perform work on the seventh day of work in a

25   workweek without being paid the appropriate premium overtime wage required by Labor Code

26   §§ 510 and 1194.

27       53.    During the Class Period, Defendants' conduct as alleged herein amounted to a

28   uniform pattern of unlawful wage and hour practices which resulted from the implementation of

-16-

1    uniform policies and practices by which Defendants failed to accurately record all hours worked

2    by Plaintiff and the Class Members thereby denying payment of overtime premium wages to

3    Plaintiff and the Class Members for overtime hours worked.

4            54.    In committing the violations of the California Labor Code as alleged herein,

5    Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other

6    benefits in violation of the California Labor Code, the Industrial Welfare Commission

7    requirements and other applicable laws and regulations.

8            55.    As a direct result of Defendants' unlawful wage practices as alleged herein,

9    Plaintiff and the Class Members have been denied full compensation for all hours worked by

10   them including, but not limited to, premium overtime wages for overtime hours.

11           56.    Labor Code § 515 and the Wage Order set forth various exemptions by which

12   certain categories of employees are exempt from the protections of the overtime laws contained

13   in the Labor Code. At no time during the Class Period did any of these exemptions apply to

14   Plaintiff and/or the Class Members.  Moreover, at no time were Plaintiff and/or the Class

15   Members subject to a valid collective bargaining agreement that would preclude the causes of

16   action set forth in this complaint. Rather, Plaintiff and the Class Members bring this action

17   because of Defendants' violations of non-waiveable rights guaranteed to them by the State of

18   California.

19           57.    As a direct consequence of Defendants' unlawful failure to pay Plaintiff and the

20   Class Members the full and accurate amount of all earned wages at the appropriate rate for the

21   true number of hours they worked, Plaintiff and the Class Members have suffered and will

22   continue to suffer economic injuries in an amount which is presently unknown to them and

23   which will be ascertained according to proof at trial.

24           58.    In performing the acts and practices in violation of California labor laws as herein

25   alleged, Defendants have acted and continue to act intentionally, oppressively and maliciously

26   towards Plaintiff and the Class Members, with a conscious disregard for their legal rights and the

27   consequences to them, and with the intent of depriving them of their property and legal rights

28   and otherwise causing them injury, in order to increase Defendants' profits at the expense of

1    Plaintiff and the Class Members.

2        59.    Plaintiff and the Class Members request recovery of all unpaid wages, including

3    overtime premium wages, in an amount according to proof, interest on such amounts, statutory

4    costs, and the assessment of any and all statutory penalties against Defendants, all in the sums as

5    provided by the California Labor Code and/or other applicable statutes. In addition, to the extent

6    that overtime compensation is owed to Plaintiff and the Class Members whose employment has

7    been terminated, Defendants' conduct violates Labor Code §§ 201 and/or 202, entitling Plaintiff

8    and the Class Members to waiting time penalties under Labor Code § 203, which penalties are

9    sought herein on behalf of Plaintiff and the Class Members.

10       60.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

11   for.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage
**(California Labor Code §§ 1197 and 1199; and the Wage Order)**
**(Plaintiff and the Class Members Against Defendants)**

14       61.    Plaintiff and the Class Members incorporate by reference all of the allegations

15   contained in the preceding paragraphs as though fully set forth herein.

16       62.    Labor Code §1197 provides that it is unlawful to pay less than the minimum wage

17   established by law.  Throughout the Class Period, Defendants repeatedly failed to pay Plaintiff

18   and the Class Members the minimum wage for all hours worked, as required by the applicable

19   wage order, violating the provisions of Labor Code §1197.

20       63.    Labor Code § 1194 provides that "any employee receiving less than the legal

21   minimum wage or the legal overtime compensation applicable to the employee is entitled to

22   recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

23   compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

24       64.    During the Class Period, Defendants' conduct as alleged herein amounted to a

25   uniform pattern of unlawful wage and hour practices which resulted from the implementation of

26   uniform policies and practices by which Defendants failed to accurately record all hours worked

27   by Plaintiff and the Class Members thereby denying payment of minimum wages to Plaintiff and

28   the Class Members for hours worked.

-18-

65.     In committing the violations of the California Labor Code as alleged herein, Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

66.     As a direct result of Defendants' unlawful wage practices as alleged herein, Plaintiff and the Class Members have been denied full compensation for all hours worked by them including, but not limited to, minimum wages for hours worked.

67.     Pursuant to Labor Code §1199, an employer who (a) requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission (b) pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission and (c) violates and refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission, is punishable by a fine of not less than one hundred dollars ($100.00).

68.     Plaintiff and the Class Members are entitled to recover wages from Defendants, in an amount to be proven at trial, because of Defendants' payment of wages less than minimum wage.

69.     Plaintiff and the Class Members were required to retain attorneys to bring this action and are entitled to interest an award of reasonable attorneys' fees pursuant to Labor Code § 1194.

70.     Plaintiff and the Class Members are entitled to liquidated damages pursuant to Labor Code § 1194.2.

71.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### THIRD CAUSE OF ACTION
**Failure to Comply with Itemized Employee Wage Statement Requirements
(California Labor Code §§ 226, 1174 and 1175; and the Wage Order)
(Plaintiff and the Class Members Against Defendants)**

72.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

73.     During the Class Period, the itemized wage statements provided to Plaintiff and

-19-

the Class Members lists Mosaic Sales Solutions Us Operating Co., LLC as the employer and the Form W-2 provided to Plaintiff and the Class Members lists Mosaic Sales Solutions US Oper as the employer.   Furthermore, the itemized wage statements provided to Plaintiff and the Class Members does not accurately reflect the inclusive dates of the period for which the Plaintiff and Class Members are paid, and does not include all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by Plaintiff and the Class Members.

74.    Labor Code § 226(a) and the Wage Order require Defendants to itemize in wage statements all deductions from payment of wages, to accurately report total hours worked, to report the rate of pay for hours worked, and keep the records on file at the place of employment or at a central location within the State of California.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) and the Wage Order with respect to wage statements they have provided to Plaintiff and the Class Members.

75.    Labor Code § 1174 and the Wage Order requires Defendants to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately showing the hours worked daily and the wages paid to its employees.  Defendants have knowingly and intentionally failed to comply with these requirements in violation of Labor Code §§ 1174 and 1175 and the Wage Order.

76.    Labor Code § 226(a) and the Wage Order provide that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing gross wages earned, total hours worked by the employee, the number of piece rate units and the applicable rate, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the last four digits of the employee's identification number, the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate by the employee.  Labor Code § 226(a) mandates that deductions made from payments of wages shall be recorded in ink,

-20-

1    properly dated and a copy of the statement or a record of deductions be kept on file by the

2    employer for at least three years.  Moreover, the Wage Order requires Defendants to maintain

3    time records for each employee showing including, but not limited to, an accurate report of the

4    total hours worked by each employee, when the employee begins and ends each work period,

5    and total daily hours worked in itemized wage statements, and all deductions from payment of

6    wages.

7    77.    At all times herein alleged, Defendants have regularly and consistently,

8    intentionally and willfully, failed to provide Plaintiff and the Class Members with complete and

9    accurate wage statements.  The deficiencies include, among other things, the failure to include

10    the total number of hours worked by Plaintiff and the Class Members, the failure to report

11    overtime pay rates, and the failure to list all applicable hourly rates.

12    78.    The Wage Order provides that an employer must keep accurate information with

13    regard to each employee, which shall include time records showing when the employee begins

14    and ends each work period, total daily hours worked and total hours worked in the pay period

15    and the applicable rates of pay.

16    79.    During the Class Period, Defendants continually failed to keep accurate records

17    and information with regard to Plaintiff and the Class Members as required by the Wage Order.

18    Defendants repeatedly provided Plaintiff and the Class Members with wage statements that,

19    among other inaccuracies, failed to include complete and accurate information on the following:

20    (1) gross wages earned; (2) total hours worked by each employee; (3) all deductions from

21    Plaintiff's and the Class Members' wages; (4) reimbursement of expenses incurred; (5)

22    Plaintiff's and the Class Members' net wages earned; (6) the inclusive dates of the period for

23    Plaintiff and the Class Members; (7) the name and address of the legal entity that is the

24    employer; and (8) all applicable hourly rates in effect during the pay period and the

25    corresponding number of hours worked at each hourly rate by Plaintiff and the Class Members.

26    80.    As a result of Defendants' violation of Labor Code §§ 226(a), 1174 and 1175, as

27    well as the Wage Order, Plaintiff and the Class Members have suffered injury and damage to

28    their statutorily-protected rights.  These injuries and damages include, but are not limited to, the

-21-

*Ponce v. Acosta, Inc.*                        First Amended Class Action Complaint for Damages
Case No. 5:18-cv-03673-NC                        and for Injunctive Relief; Demand for Jury Trial

denial of their legal right to receive and their protected interest in receiving accurate, itemized

wage statements under Labor Code § 226(a).  Moreover, the inaccurate and incomplete wage

statements provided by Defendants deceived Plaintiff and the Class Members about the wages

and other compensation to which they were entitled and deprived them of such wages and

compensation.  As a further result of Defendants' failure to provide Plaintiff and the Class

Members with accurate wage statements in accordance with Labor Code § 226 and to keep

accurate time records as required by the Wage Order and 8 CCR section 11050 (7), Plaintiff and

the Class Members have suffered injuries and are entitled to penalties under Labor Code § 226

and Labor Code § 226.3 which states that any employer who violates § 226 shall be subject to a

civil penalty in the amount of two hundred fifty dollars ($250.00), per employee per violation in

an initial citation.  The civil penalty provided for in this section is in addition to any other

penalty provided by law, in an amount to be proven at trial.   The injuries suffered by Plaintiff

and the Class Members include, but are not limited to, having been, and continuing to be, forced

to conduct investigations and perform mathematical computations in an attempt to reconstruct

their time records; the inability to reconstruct their time records; the inability to discern the

amount of wages they were paid and/or the applicable wage rate; the inability to determine the

number of hours including, but not limited to, overtime hours they worked; the inability to

determine whether they were paid all wages due for work they performed; the inability to

determine the amount of wages owing and unpaid; having been, and continuing to be, forced to

hire attorneys and initiate a lawsuit in order to ascertain the aforementioned information.

81.     Plaintiff and the Class Members are further entitled to recover from Defendants

the greater of their actual damages caused by Defendants' failure to comply with Labor Code §

226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000.00).

82.     Plaintiff and the Class Members are also entitled to injunctive relief to ensure

compliance with this section, pursuant to Labor Code § 226(g).

83.     Pursuant to Labor Code § 226(e), each employee suffering injury as a result of a

knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled

to recover the greater of all actual damages or $50.00 for the initial pay period in which a

-22-

*Ponce v. Acosta, Inc.*                                    First Amended Class Action Complaint for Damages
Case No. 5:18-cv-03673-NC                         and for Injunctive Relief; Demand for Jury Trial

violation occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable attorneys' fees. Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive relief to ensure compliance with Labor Code § 226 and is entitled to an award of costs and reasonable attorneys' fees.

84. WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**FOURTH CAUSE OF ACTION**
**Failure and Refusal to Pay Agreed Wages**
**(California Labor Code § 201, 202, 218, 221, 223, 1194, 1198; and the Wage Order)**
**(Plaintiff and the Class Members Against Defendants)**

85. Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

86. Labor Code §§ 201, 202, 218, 221, 223, 1194 and 1198, together with the Wage Order, provide that employees have an immediate and vested right to receive agreed wages for work they were engaged, suffered and permitted to perform.

87. At all times herein alleged, as a result of uniform policies maintained and enforced by Defendants, the object and/or foreseeable consequence of which were to deny such wages to Plaintiff and the Class Members, Defendants employed Plaintiff and the Class Members at agreed wages and refused to pay such wages to Plaintiff and the Class Members for all hours they worked by a multitude of unlawful practices including, but not limited to:

a. Requiring Plaintiff and the Class Members to participate in mandatory pre-assignment activities, including, but not limited to, orientations without compensation;

b. Requiring Plaintiff and the Class Members to perform work during periods that Plaintiff and the Class Members were not on the clock and prohibiting Plaintiff and the Class Members from registering such time in Defendants' time-keeping system; and

c. Retaining control over Plaintiff and the Class Members and requiring them to be present and perform work without pay on a regular and routine basis.

88. Defendants at all times knew or had reason to know that Plaintiff and the Class Members were performing the aforementioned work without pay and that the practices

-23-

referenced above deprived Plaintiff and the Class Members of wages for work performed by them.

89.    At all times herein alleged, Labor Code § 223 provided, in relevant part: "Where any . . . contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by . . . contract."  At all times herein alleged, Plaintiff and the Class Members and Defendants were parties to an employment contract pursuant to which they had agreed Plaintiff and the Class Members were to be paid a designated wage scale, which included but was not limited to the payment of wages for each hour worked and the payment of overtime premium wages as required by the Labor Code and the Wage Order.  By repeatedly and consistently failing to pay regular wages to Plaintiff and the Class Members at the agreed wage scale and failing to pay premium overtime wages as required by the Labor Code and the Wage Order, elsewhere alleged herein, Defendants violated Labor Code § 223, depriving Plaintiff and the Class Members of the payment of wages according to the agreed wage scale.

90.    Defendants continually failed and refused to pay to Plaintiff and the Class Members all wages earned, despite demands being made.

91.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

## FIFTH CAUSE OF ACTION
### Failure to Pay All Wages Upon Termination
### (California Labor Code §§ 201, 202 and 203; the Wage Order)
### (Plaintiff and the Class Members Against Defendants)

92.    Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

93.    Labor Code § 203 provides that, upon termination of the employment relationship, if an employer willfully fails to pay wages owed in accordance with timing requirements set forth Labor Code §§ 201 and 202, then the wages of the employee shall continue to accrue as a penalty from the due date at the same rate until paid, but such wages shall not continue for more than thirty (30) days.

94.    Labor Code § 201 provides that when an employee's employment is involuntarily

-24-

1    terminated, the wages earned and unpaid at the time of discharge are due and payable

2    immediately. Labor Code § 202 provides that an employee is entitled to receive all unpaid wages

3    no later than 72 hours after an employee quits his or her employment, unless the employee has

4    given seventy two (72) hours previous notice of his or her intention to quit, in which case the

5    employee is entitled to his or her wages at the time of quitting.

6        95.    Throughout the Class Period, Defendants regularly and repeatedly issued final

7    paychecks to Plaintiff and the Class Members more than a week after their employment with

8    Defendants ended.  Moreover, in all instances, when final paychecks were issued, the paychecks

9    failed to include wages owed for tasks related to the onboarding, off-the-clock and other unpaid

10   work performed by Plaintiff and the Class Members as described in greater detail above.  In all

11   but a very few instances, Plaintiff and the Class members were hired to perform services in

12   connection with no more than a single event, so that when services related to that event

13   concluded, Plaintiff's and the Class Members' employment with Defendant also concluded.  In

14   this regard, in all but a very few instances, the initial assignment received by the Class Members

15   was the only assignment received by the Class Members.  Though some Class members would

16   perform services again for Defendants at a later date, a significant amount of time would pass

17   between periods of employment, and in such instances the Class Members would be required to

18   undergo onboarding and orientation once again before beginning the next period of employment.

19   Thus, each assignment was a separate period of employment, with employment ending at the end

20   of each assignment.  This circumstance was dictated by Defendants, making the termination of

21   employment upon the conclusion of the event that was the subject of their initial assignment

22   involuntary from the perspective of Plaintiff and the Class Members in all but a very few cases,

23   and, in those very few cases where the employee voluntarily resigned, the employee was still not

24   issued his or her final paycheck within 72 hours of resignation.  On no occasion did Plaintiff

25   and/or the Class members ever receive a final paycheck immediately upon the involuntary

26   termination of their employment or within 24 hours of such involuntary termination.  In fact,

27   several weeks would elapse before plaintiff and the Class members received their final

28   paychecks, and, as mentioned above, such paychecks never included all wages owed, and such

1    unpaid wages continued to be due to Plaintiff and each Class Member.

2        96.    Defendants willfully failed to pay Plaintiff and the Class Members all their wages

3    due and failed to reimburse Plaintiff and the Class Members' work-related expenses, as alleged

4    hereinabove and hereinafter, upon the termination of their employment within the times

5    prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time penalty.

6    Plaintiff and the Class Members are entitled to recover from Defendants the statutory penalty for

7    each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum

8    pursuant to California Labor Code § 203.

9        97.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

10    for.

11                        **SIXTH CAUSE OF ACTION**
          **Failure to Reimburse Work Related Expenses**
12         **(California Labor Code § 2802; the Wage Order)**
        **(Plaintiff and the Class Members against all Defendants)**

13        98.    Plaintiff and the Class Members allege and incorporate by reference all of the

14    allegations contained in the preceding paragraphs in their entirety as though fully set forth

15    herein.

16        99.    Pursuant to Labor Code § 2802 an employer shall indemnify his or her employee

17    for all necessary expenditures or losses incurred by the employee in direct consequence of the

18    employee's discharge of his or her duties.

19        100.    Throughout the Class Period, Defendants regularly and consistently violated

20    Labor Code § 2802 by failing to reimburse Plaintiff and the Class Members for expenses

21    incurred in the performance of their duties including, but not limited to, requiring Plaintiff and

22    the Class Members to use their personal vehicles and cell phones, as described in greater detail

23    above.

24        101.    Plaintiff and the Class Members were required to retain attorneys to bring this

25    action and are entitled to an award of reasonable attorneys' fees pursuant to Labor Code §

26    2802(c).

27        102.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

28    for.

-26-

## SEVENTH CAUSE OF ACTION
### Unfair Business Practices
**(California Business and Professions Code §§ 17200 et seq. and Common Law)**
**(Plaintiff and the Class Members Against Defendants)**

103.    Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

104.    Plaintiff and the Class Members suffered direct injury as a result of the Defendants' conduct, as alleged in the preceding paragraphs, and bring this action under Code of Civil Procedure § 382. The deprivation by Defendants of Plaintiff and the Class Members from wages due, and Defendants' provision of inaccurate wage statements are unlawful business practices within the meaning of Business and Professionals Code § 17200, et seq. including, but not limited to, a violation of the Wage Order, regulations, and statutes, and further, whether or not in violation of the aforementioned Wage Order, regulation and statutes, amount to practices which are otherwise unfair.

105.    Under Business and Professions Code § 17200, et seq., including, but not limited to, §§ 17201, 17203, and 17208, Plaintiff and the Class Members assert standing on behalf of themselves as alleged herein.  Plaintiff and the Class Members seek, among others, restitution of compensation due throughout the Class Period.

106.    At all times herein alleged, Defendants have committed violations of law, as described herein, including, but not limited to:

a.    Violation of Labor Code §§ 510 and 1198 for Defendants' failure to pay overtime wages to Plaintiff and the Class Members as herein alleged;

b.    Violation of Labor Code §§ 1194, 1197 and 1197.1 for Defendants' failure to compensate Plaintiff and the Class Members for all hours worked with at least minimum wages as herein alleged;

c.    Violations of Labor Code § 226(a) for failure to provide accurate wage statements to Plaintiff and the Class Members as herein alleged;

d.    Violation of Labor Code §§ 201, 202, 203, 218, 221, 1194 and 1198 for Defendants' failure to provide Plaintiff and the Class Members agreed wages for all hours they

-27-

Ponce v. Acosta, Inc.                                    First Amended Class Action Complaint for Damages
Case No. 5:18-cv-03673-NC                          and for Injunctive Relief; Demand for Jury Trial

1    worked;

2             e.       Violation of Labor Code §§ 201, 202 and 203 for failure to timely pay all

3    earned wages to Plaintiff and the Class Members upon discharge as herein alleged;

4             f.       Violation of Labor Code §§ 201, and 202 for failure to pay all earned

5    wages owed to Plaintiff and the Class Members throughout the Class Period as herein alleged;

6             g.       Violation of Labor Code § 2800 and 2802 for failure to reimburse Plaintiff

7    and the Class Members for all necessary expenditures as herein alleged;

8             h.       Violation of Labor Code § 1198 and the Wage Order for failure to keep

9    accurate records with respect to each employee.

10         107.     These unlawful and unfair business practices defeat the public interest purposes of

11    the State's labor laws, as set forth in the sections of the California Labor Code, the California

12    Code of Regulation and the Wage Order referenced elsewhere in this complaint, all of which

13    promote compliance with labor laws and employment regulations by participants in Defendants'

14    industry.

15         108.     Defendants' unfair and unlawful business practices thus have violated the sections

16    of the Labor Code, California Code of Regulation and IWC Wage Orders referenced in this

17    complaint and have imposed harm on their employees and their competitors and will continue to

18    do so until abated.  As a result of these unfair and unlawful business practices, Defendants have

19    retained monies belonging to Plaintiff and the Class Members and they have been unjustly

20    enriched at Plaintiff's and the Class Members' expense.  Plaintiff and the Class Members are

21    entitled to restitution of the wages and monies withheld and retained by Defendants at all times

22    relevant to this action, and a preliminary and permanent injunction requiring Defendants to pay

23    all wages and sums due to Plaintiff and the Class Members, and to provide accurate and

24    complete wage statements.

25         109.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class

26    Members have suffered injury and loss of money.

27         110.     This action will result in the enforcement of an important right affecting the

28    public interest.  The conduct of Defendants as alleged herein has been and continues to be unfair,

-28-

1    unlawful and harmful to Plaintiff and the Class Members and the general public.  Accordingly,

2    under Code of Civil Procedure § 1021.5, Plaintiff and the Class Members are entitled to an

3    award of reasonable attorneys' fees according to proof.

4         111.    WHEREFORE, Plaintiff and the Class Members request relief as hereinafter

5    prayed for.

6                                **PRAYER FOR RELIEF**

7         WHEREFORE, Plaintiff, on behalf of himself and on behalf of the Class Members, prays

8    as follows:

                                 **CLASS CERTIFICATION**

9         1.    That this action be certified as a class action and that the class identified herein be

10   certified;

11        2.    That Plaintiff be appointed as the representative of all the Class Members;

12        3.    That counsel for Plaintiff be appointed as class counsel.

13              **AS TO THE FIRST AND SECOND CAUSE OF ACTION**

14        4.    That the Court declare, adjudge and decree that Defendants violated California

15   Labor Code §§ 510, 1194, 1197 and 1198, and the Wage Order by willfully failing to pay minimum

16   and overtime wages to Plaintiff and the Class Members;

17        5.    That the Court grant an award to Plaintiff and the Class Members for Defendants

18   willfully failing to pay minimum and overtime wages due to Plaintiff and the Class Members;

19        6.    For all actual, consequential and incidental losses and damages, according to proof;

20        7.    For prejudgment interest on any unpaid wages from the date such amounts were

21   due;

22        8.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

23   herein pursuant to California Labor Code §§ 218.5, 218.6, 558, 1194, 1197, and 1197.1; and

24        9.    For such other further relief as the Court may deem equitable and appropriate.

25              **AS TO THE THIRD CAUSE OF ACTION**

26        10.    That the Court declare, adjudge and decree that Defendants violated the record

27   keeping provisions of California Labor Code § 226, 1174 and 1198 and the Wage Order as to

28   Plaintiff and the Class Members and that Defendants willfully failed to provide accurate itemized

                                        -29-

1    wage statements to Plaintiff and the Class Members;

2         11.    For all actual, consequential and incidental losses and damages, according to proof;

3         12.    For statutory penalties pursuant to California Labor Code § 226(e);

4         13.    For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to

5    California Labor Code § 226(g);

6         14.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

7    herein pursuant to California Labor Code § 226.3; and

8         15.    For such other further relief as the Court may deem equitable and appropriate.

9                   **AS TO THE FOURTH CAUSES OF ACTION**

10        16.    That the Court declare, adjudge and decree that Defendants violated California

11   Labor Code §§ 201, 202, 218, 221, 223, 1194, 1198 and the Wage Order by willfully failing to pay

12   agreed wages due to Plaintiff and the Class Members;

13        17.    That the Court grant an award to Plaintiff and the Class Members for Defendants

14   willfully failing to pay agreed wages due to Plaintiff and the Class Members;

15        18.    For all actual, consequential and incidental losses and damages, according to proof;

16        19.    For prejudgment interest on any unpaid wages from the date such amounts were

17   due;

18        20.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

19   herein pursuant to California Labor Code §§  211, 218.5, 218.6, and 1194; and

20        21.    For such other further relief as the Court may deem equitable and appropriate.

                    **AS TO THE FIFTH CAUSE OF ACTION**

21        22.    That the Court declare, adjudge and decree that Defendants violated California

22   Labor Code §§ 201, 202, 203, and 1198 by willfully failing to pay all compensation owed at the

23   time of Plaintiff's and the Class Members' termination of employment and willfully failing to

24   timely pay all compensation owed;

25        23.    For all actual, consequential and incidental losses and damages, according to

26   proof;

27        24.    For statutory wage penalties in favor of Plaintiff and the Class Members who

28

-30-

have left Defendants' employment, pursuant to California Labor Code § 203;

25.    For prejudgment interest on any unpaid wages from the date such amounts were due;

26.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 203, 211, 218.5, 218.6, and 1194; and

27.    For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE SIXTH CAUSE OF ACTION

28.    That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the Wage Order by willfully failing to pay for all necessary expenditures or losses incurred by Plaintiff and the Class Members in direct consequence of the discharge of his or her duties;

29.    For all actual, consequential and incidental losses and damages, according to proof;

30.    For premiums pursuant to Labor Code § 2802 and the Wage Order;

31.    For prejudgment interest on any unpaid reimbursements for the date such amounts were due;

32.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210, 216, 218.5, 218.6, and 2802; and

33.    For such other further relief as the Court may deem equitable and appropriate

## AS TO THE SEVENTH CAUSE OF ACTION

34.    That the Court declare, adjudge and decree that Defendants violated Business and Professions Code § 17200 et seq., by failing to pay overtime premiums, failing to pay at least minimum wage, failing to reimburse necessary expenditures incurred in direct consequence of the discharge of employees' duties, failing to provide accurate and complete wage statements, failing to pay agreed wages and failing to timely provide all compensation due.

35.    For restitution of unpaid wages and penalties to Plaintiff and the Class Members, and for prejudgment interest from the day such amounts were due and payable;

36.    For the appointment of a Receiver to receive, manage and distribute any and all

-31-

1   funds disgorged from Defendants and determined to have been wrongfully acquired by

2   Defendants as a result of violation of Business and Professions Code § 17200 et seq.;

3          37.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code

4   of Civil Procedure § 1021.5;

5          38.     For injunctive relief to ensure compliance with this section, pursuant to Business

6   and Professions Code § 17200 et seq.; and

7          39.     For such other and further relief as the Court may deem equitable and appropriate.

8                              <u>**DEMAND FOR JURY TRIAL**</u>

9          Plaintiff and the Class Members hereby demand trial of their claims by jury to the extent

10  authorized by the laws of the State of California and the United State of America.

11  Date: October 10, 2018                          FITZPATRICK & SWANSTON

12

13                                       By: */s/ B. James Fitzpatrick*
                                             B. James Fitzpatrick, Esq.
14                                           Attorneys for Plaintiff,
                                             CHRIS PONCE on behalf of himself and all
15                                           other similarly situated employees

16

17

18

19

20

21

22

23

24

25

26

27

28

-32-